**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Jack P. DiCanio (SBN 138782)
525 University Avenue
Palo Alto, California  94301
Telephone: (650) 470-4660
E-mail: jack.dicanio@skadden.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., | Case No. 16-cv-5857 |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| MARC L. ABRAMOWITZ, in his individual capacity and as trustee of the MARC ABRAMOWITZ CHARITABLE TRUST NO. 2, KT4 PARTNERS LLC, and DOES 1 through 50, inclusive, | |
| Defendants. | |

NOTICE OF REMOVAL                                                                                                          Case No. 16-cv-5857

1.      Pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1454, Defendants Marc L. Abramowitz, Marc Abramowitz Charitable Trust No. 2, KT4 Partners LLC (collectively, "Defendants"), by their undersigned attorneys, hereby give notice of the removal of this action to the United States District Court for the Northern District of California on the grounds that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 & 1338(a).  As required by 28 U.S.C. § 1446(a), all process, pleadings, and orders served on Defendants in the action to date are attached hereto as Exhibit A.  As the requisite "short and plain statement of the grounds for removal," 28 U.S.C. § 1446, Defendants state as follows:

## SUMMARY OF GROUNDS FOR REMOVAL

2.      Though artfully pled as a series of putative state-law claims, the operative complaint seeks to have Plaintiff Palantir Technologies, Inc. ("Palantir") declared the sole inventor of three separate technologies that were in fact invented and developed by Mr. Abramowitz as the sole or joint inventor, and that involve no inventive contribution by Palantir, its employees, its contractors, or anyone working on Palantir's behalf.  The complaint demands that the California Superior Court enjoin Mr. Abramowitz from continuing to pursue three separate patent applications filed with the Patent and Trademark Office ("PTO"), and it premises such relief, and several purported state-law causes of action, upon the assertion—vigorously disputed by Defendants and completely contradicted by the facts—that it was Palantir, and not Mr. Abramowitz, who invented the technologies at issue, and that Mr. Abramowitz's alleged contrary representations to the PTO were somehow false.  Palantir's claims necessarily raise substantial questions of federal patent law that can be resolved only by a federal court.

## BACKGROUND

3.      Palantir filed this action in the Superior Court of the State of California, County of Santa Clara, on September 1, 2016, Compl. (Ex. A), but did not serve Defendants until September 9 and 10, 2016, Declaration of Marc L. Abramowitz (Ex. B) ("Abramowitz Decl.") at ¶ 2. Palantir filed a First Amended Complaint on September 23, 2016, First Am. Compl (Ex. A), which it served upon Defendants on September 26, 2016, Abramowitz Decl. (Ex. B) at ¶ 3.

4.      Palantir's Amended Complaint alleges Mr. Abramowitz "made false claims to the

-1-

NOTICE OF REMOVAL                                                                                  Case No. 16-cv-5857

United States Patent and Trademark Office" by "claim[ing] to be a patent innovator" with respect to three patent applications he filed with the PTO, all of which remain pending. First Am. Compl. (Ex. A) ¶¶ 3, 54. According to Palantir, those patent applications cover technologies supposedly invented by Palantir rather than Mr. Abramowitz, which fall into the categories of: (1) "Healthcare Technology"; (2) "Cyber Insurance and Cybersecurity Technology"; and (3) "Natural Resources Exploration Technology." First Am. Compl. (Ex. A) ¶¶ 38, 46, 51. Palantir alleges that, in each patent application, Mr. Abramowitz "falsely identifies [himself] as the sole inventor." Ex. A, First Am. Compl. ¶ 38; *see also id.* ¶¶ 46, 51.

5. Based on these allegations, Palantir brings four causes of action: (1) breach of contract; (2) breach of covenant of good faith and fair dealing, (3) unfair competition pursuant to California's Business and Professions Code § 17200, *et seq.*, and (4) misappropriation of trade secrets.[1] First Am. Compl. (Ex. A) ¶ 67–101.

6. Palantir's original complaint sought money damages and broad injunctive relief. Compl. (Ex. A), Prayer for Relief. While the Amended Complaint did the same, it also added a new demand for an injunction that would enjoin Defendants from "continuing to pursue [their] patent applications" in the PTO. First Am. Compl. (Ex. A), Prayer for Relief.

## **THE REMOVAL IS TIMELY**

7. Defendants were served with the summons and original Complaint on September 9-10, 2016. Abramowitz Decl. (Ex. B) at ¶ 2. They were served with the First Amended Complaint on September 26, 2016. *Id.* at ¶ 3. This Notice of Removal is therefore timely, as it is filed within thirty days of service, as calculated under Federal Rule of Civil Procedure 6. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (thirty-day period to remove commences upon service of summons and complaint); Fed.

---

[1] Palantir also asserted a claim seeking declaratory relief with respect to a demand by KT4 Partners LLC for financial information pursuant to an Investors' Rights Agreement. First Am. Compl. (Ex. A) ¶¶ 102-106. That claim has been mooted by subsequent events: In part because Palantir claims to have amended that agreement retroactively to eliminate Defendants' contractual right to financial information about the company in which KT4 Partners, LLC is a substantial shareholder, KT4 Partners LLC has withdrawn the request. Abramowitz Decl. (Ex. B) ¶ 4 & Ex. 1.

R. Civ. P. 6(a)(1).

## VENUE IN THE NORTHERN DISTRICT IS PROPER

8. The Superior Court of the State of California, Santa Clara County, is within the U.S. District Court for the Northern District of California, San Jose Division. Venue in the Northern District of California, San Jose Division, is therefore proper under 28 U.S.C. §§ 84 and 1441(a) and Local Rule 3-2.

## REMOVAL IS PROPER BECAUSE PALANTIR BRINGS CLAIMS THAT ARISE UNDER FEDERAL PATENT LAW

9. This Court has "original jurisdiction" over all civil actions involving claims "arising under" federal law, including patent law. 28 U.S.C. §§ 1331 & 1338(a). A claim may arise under "the patent laws even where patent law did not create the cause of action." *Forrester Envtl. Servs., Inc. v. Wheelabrator Techs., Inc.*, 715 F.3d 1329, 1333 (Fed. Cir. 2013) (citing *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 808–09 (1988)). Thus, a putatively state-law claim "arises under" federal patent law when a patent law issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013).[2]

10. Because the claims in Palantir's Amended Complaint satisfy these four elements, Defendants may remove this case under 28 U.S.C. §§ 1441 & 1454.

### The Amended Complaint Necessarily Raises Federal Patent Issues

11. When deciding whether a complaint necessarily raises federal patent law issues, courts examine the claims raised in the complaint and their basis, but also must pay "special

---

[2] The plaintiff in *Gunn* argued that the state court lacked jurisdiction because the legal malpractice claim there at issue was premised upon an attorney's alleged error in failing to assert an argument in the course of the underlying patent-infringement lawsuit. 133 S. Ct. at 1063. The Supreme Court disagreed because, although a federal patent issue was necessarily raised, it was not a substantial one: given the necessarily backward-looking nature of a legal malpractice claim, there could be no difference in the "real-world result of the prior federal patent litigation. [The plaintiff]'s patent will remain invalid." *Id.* at 1066-67. Here, the opposite is true: Palantir is seeking to enjoin the Defendants from pursuing their still-pending patent applications in the PTO, on the basis that Palantir, not Mr. Abramowitz, supposedly was the inventor of the technologies.

-3-

NOTICE OF REMOVAL                                              Case No. 16-cv-5857

1   attention . . . to the relief requested by the plaintiff." *Air Prod. & Chem., Inc. v. Reichhold Chem., Inc.*, 755 F.2d 1559, 1562 (Fed. Cir. 1985); *see also Christianson*, 486 U.S. at 808–09 (plaintiff's complaint arises under federal law if "right to relief" depends on patent law issues). Here, both the claims and requests for relief in the First Amended Complaint necessarily raise the issue whether Mr. Abramowitz is the true inventor of the patent applications. That issue is one of federal patent law. *HIF Bio, Inc. v. Yung Shin Pharm. Indus. Co.*, 600 F.3d 1347, 1353 (Fed. Cir. 2010). The Amended Complaint necessarily raises this issue in two ways.

12. First, the Amended Complaint seeks an injunction enjoining Defendants from pursuing Mr. Abramowitz's still-pending patent applications before the PTO. First Am. Compl. (Ex. A), Prayer for Relief. Palantir's sole theory for why it could possibly be entitled to this relief is its claim that it, not Mr. Abramowtiz, is the true inventor of the technologies that are the subject of the pending patent applications. First Am. Compl. (Ex. A) ¶ 38 (alleging that Mr. Abramowitz's patent applications "falsely identif[y]" himself "as the sole inventor"); *see also id.* ¶ 3 (alleging that Mr. Abramowitz "made false claims to the [PTO]"); *id.* ¶ 46 ("Once again, Abramowitz's application fails to mention Palantir and does not include a single Palantir employee as an inventor."); *id.* ¶ 51 (alleging that Mr. Abramowitz's patent application "falsely claim[ed]" that he was "the sole owner and inventor"). Palantir identifies no other conceivable grounds for the injunction it seeks.

13. Under Palantir's theory, to prove its entitlement to the relief it seeks, it must prove it is the true inventor of patent applications.[3] Because "the only possible theory upon which" Palantir could seek the relief to which it claims entitlement "would be one in which determining the true inventor(s)" of the patent applications is "essential," this case arises under federal patent law and is therefore removable under §§ 1441 & 1454. *HIF Bio*, 600 F.3d at 1353.

14. Second, Palantir brings a claim for violation of California's Unfair Competition

---

[3] To be clear, Defendants dispute fully Palantir's rendition of the "facts" in its Complaints and will demonstrate it was Mr. Abramowitz, not Palantir, that invented each of the technologies at issue. Nor do Defendants concede the relief sought by Palantir would be proper even under the distorted version of the "facts" that appears in Palantir's Complaints.

-4-

NOTICE OF REMOVAL                                                                                     Case No. 16-cv-5857

1   Law, California's Business and Professions Code § 17200, *et seq.* *See* Ex. A, First Am. Compl.
2   ¶¶ 84–91.  This claim is premised upon Palantir's allegation that Defendants' business acts and
3   practices were "fraudulent because a reasonable person would likely be deceived by [Mr.
4   Abramowitz's] false statements and claims." First Am. Compl. (Ex. A) ¶ 87.  But the only
5   allegedly "false statements" explicitly mentioned anywhere in the Amended Complaint are Mr.
6   Abramowitz's alleged representations to the PTO, in his patent applications, that he is the sole
7   inventor of the technologies for which he seeks patents. *See id.*

8   15.   For the Court to find those statements were indeed "false," it would have to
9   determine that Mr. Abramowitz was not the true inventor of the technologies that are the subjects
10  of the patent applications.  Again, "the only possible theory upon which relief could be granted
11  to [Palantir] would be one in which determining the true inventor(s)" of the patent application is
12  "essential," and so this case arises under federal patent law and is therefore removable under
13  §§ 1441 and 1454.  *HIF Bio, Inc.*, 600 F.3d at 1353.

### The Issue of Inventorship Is Actually Disputed

15  16.   The issue of inventorship is "actually disputed."  "[I]ndeed, on the merits, it is the
16  central point of dispute" between Palantir and Defendants.  *Gunn*, 133 S. Ct. at 1066.  At trial,
17  Defendants will prove that Mr. Abramowitz was the sole or joint inventor with respect to each of
18  these patent applications, and that the technologies as to which Mr. Abramowitz seeks patents
19  involve no inventive contribution by Palantir, its employees, its contractors, or anyone working
20  on Palantir's behalf.

### The Issue of Inventorship Is Substantial

22  17.   Issues of inventorship like the ones presented in this case are "substantial
23  questions of federal patent law." *HIF Bio, Inc.*, 600 F.3d at 1353 (quoting *Bd. of Regents, Univ.*
24  *of Tex. Sys.*, 414 F.3d at 1363).  Here, unlike in *Gunn*, litigation of the inventorship issue will
25  determine the forward-looking, "real-world" patent rights of Mr. Abramowitz.  *Gunn*, 133 S. Ct.
26  at 1067.

27  18.   If the California Superior Court were to issue an injunction restraining Defendants
28  from pursuing the patent applications before the PTO, the applications might never be approved

-5-

NOTICE OF REMOVAL                                                                 Case No. 16-cv-5857

and Mr. Abramowitz would lose his rights as an inventor—rights bestowed by federal patent law.  And Palantir, for its part, would have been able to use the state courts to conjure up federal patent rights out of whole cloth.  These types of cases clearly raise "substantial issues of federal patent law"—for if any self-proclaimed "inventor" could leverage state courts to gain unearned federal patent rights, "the federal [patent] system as a whole" would be undermined. *Gunn*, 133 S. Ct. at 1066.

19. "[D]irect questions of inventorship, whether an already-issued patent or a pending patent application, present sufficiently substantial questions of federal law to support jurisdiction under section 1338(a)." *MD Matrix Health, L.L.C. v. Kasle*, No. No. 4:12-cv-00476, 2012 WL 6161941, at *2 (E.D. Tex. Nov. 5, 2012).

20. Moreover, allowing a state court to decide these issues of inventorship opens the possibility of "inconsistent judgments between state and federal courts." *Forrester*, 715 F.3d 1329, 1334 (Fed. Cir. 2013).  A federal court (or the PTO) could determine that Mr. Abramowitz is the true inventor of the patent applications, while a state court could conclude otherwise. *See id.*  Mr. Abramowitz could then find himself enjoined by a state court for not being the true inventor despite a federal determination to the opposite effect. *See id.*[4]

### The Issue of Inventorship Must Be Resolved in Federal Court

21. Fourth, and finally, the issue of inventorship can be resolved "in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 133 S. Ct. at 1065. Indeed, the issue of inventorship *must* be resolved by a federal court in order to avoid *disrupting* the federal-state balance approved by Congress:

> An independent inventorship standard under state law would likely have different requirements and give rise to different remedies than federal patent law. A different state inventorship standard might grant property rights to an individual who would

---

[4] The Federal Circuit in *Forrester* recognized that state-law claims alleging false statements about U.S. patent rights can raise federal issues substantial enough to warrant removal because they "could result in inconsistent judgments between state and federal courts." 715 F.3d at 1334.  That court nevertheless held that under the particular facts of that case, "this possibility of future conflict d[id] not arise," because the statements regarding patent rights there at issue "concerned conduct taking place entirely in Taiwan," and thus did not implicate U.S. patent rights. *Id.*

not qualify as an inventor under federal patent law, or might grant greater relief to inventors than is afforded by federal patent law. Either situation might frustrate the dual federal objectives of rewarding inventors and supplying uniform national patent law standards.

*HIF Bio*, 600 F. 3d at 1353 (quoting *Univ. of Colo. Found. v. Am. Cyanamid Co.*, 196 F.3d 1366, 1372 (Fed. Cir. 1999)).  For these reasons, cases that necessarily raise inventorship issues belong in federal court.  *Id.*[5]

### DEFENDANTS CONSENT TO REMOVAL

22. Undersigned counsel represent all named Defendants in this case, and all Defendants jointly file this Notice of Removal.  The consent of unnamed Doe Defendants 1 through 50, inclusive, is not required.  *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants not required to join in removal petition).

### NOTICE OF FILING NOTICE OF REMOVAL

23. Defendants will promptly provide written notice of this Notice of Removal to Palantir's counsel and will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, Santa Clara County.  Attached as Exhibit C hereto is a copy of the "Notice of Filing Notice of Removal" along with the accompanying Certificate of Service, which Defendants will serve on Palantir and file in the state court.

**WHEREFORE**, Defendants, pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1454, hereby remove the above-captioned action from the Superior Court of the State of California, Santa Clara County, and request that further proceedings be conducted in this Court as provided by law.

---

[5] In *Board of Regents, University of Texas System, ex rel. University of Texas at Austin v. Nippon Telephone & Telegraph Corp.*, 414 F.3d 1358 (Fed. Cir. 2005), the Federal Circuit recognized there were many cases in which "issues of inventorship, infringement, validity and enforceability present sufficiently substantial questions of federal patent law to support jurisdiction under section 1338(a)." *Id.* at 1363.  The Federal Circuit held remand was appropriate because there, unlike here, the plaintiffs did not need to prove inventorship as to the patents to prevail on any of their state-law claims or their demand for relief. *Id.* at 1363-65.

| | | |
|---|---|---|
| Dated: October 11, 2016 | | **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** |
| | By: | /s/ Jack. P. DiCanio |
| | | Jack P. DiCanio (SBN 138782) |
| | | 525 University Avenue |
| | | Palo Alto, California  94301 |
| | | Telephone: (650) 470-4660 |
| | | E-mail: jack.dicanio@skadden.com |
| | | *Attorneys for Defendants* |