PAGES 1 - 20

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PALANTIR TECHNOLOGIES, INC., PLAINTIFF,

VS.

MARC L. ABRAMOWITZ, ET AL., DEFENDANTS.

NO. C-16-5857 PJH

WEDNESDAY, FEBRUARY 15, 2017

OAKLAND, CALIFORNIA

MOTION TO REMAND

BEFORE THE HONORABLE PHYLLIS J. HAMILTON, JUDGE

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFF:**
BOIES, SCHILLER & FLEXNER LLP
575 LEXINGTON AVENUE, 7TH FLOOR
NEW YORK, NEW YORK 10022
BY: JOHN T. ZACH, ESQUIRE

BOIES, SCHILLER & FLEXNER LLP
401 WILSHIRE BLVD., SUITE 850
SANTA MONICA, CALIFORNIA 90401
BY: DAVID L. ZIFKIN, ESQUIRE

BOIES, SCHILLER & FLEXNER LLP
1999 HARRISON STREET, SUITE 900
OAKLAND, CALIFORNIA 94612
BY: FIONA TANG, ESQUIRE

**ALSO PRESENT:** ADAM ELTOUKHY, PALANTIR COUNSEL

(APPEARANCES CONTINUED)

**REPORTED BY:** DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
OFFICIAL COURT REPORTER

TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

**FOR DEFENDANTS:** WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.
WASHINGTON, DC 20005
BY: JONATHAN B. PITT, ESQUIRE

WEDNESDAY, FEBRUARY 15, 2017 9:00 A..M.

P R O C E E D I N G S

**THE CLERK:** CALLING CIVIL CASE NO. 16-5857 PALANTIR TECHNOLOGIES VERSUS ABRAMOWITZ, ET AL.

COUNSEL, PLEASE STEP FORWARD AND STATE YOUR APPEARANCES.

**MR. ZACH:** GOOD MORNING, YOUR HONOR. JOHN ZACK FOR THE PLAINTIFF, PALANTIR. WITH ME IS FIONA TANG, DAVID ZIFKIN FROM BOIES, SCHILLER AND ADAM ELTOUKHY FROM PALANTIR.

**THE COURT:** GOOD MORNING.

**MR. PITT:** GOOD MORNING, YOUR HONOR. JONATHAN PITT FROM WILLIAMS & CONNOLLY FOR THE DEFENDANTS.

**THE COURT:** ALL RIGHT. WHY DON'T THE TWO OF YOU COME TO THE RESPECTIVE LECTURNS.

ALL RIGHT. THIS MATTER IS ON FOR THE MOTION TO REMAND. I REVIEWED THE PAPERS. DID YOU WISH TO BE HEARD FURTHER?

**MR. ZACH:** SURE, YOUR HONOR. THEY HAVE THE BURDEN BUT WE MADE THE MOTION, SO I'M HAPPY TO GO FIRST.

YOUR HONOR, I THINK WHAT I WOULD LIKE TO EMPHASIZE FROM OUR PAPERS IS THAT ULTIMATELY THE BURDEN IS ON MR. ABRAMOWITZ TO PROVE BEYOND ANY DOUBT THAT HE HAS A RIGHT TO REMOVAL HERE. THEY ACKNOWLEDGE THAT THERE IS NO ACTUAL FEDERAL CAUSE OF ACTION, AND THAT THE VAST MAJORITY -- THAT OUR CLAIMS, THE TRADE SECRET CLAIMS AND OTHER CLAIMS ARE VALIDLY STATE LAW CLAIMS.

**THE COURT:** THE VAST MAJORITY; AREN'T ALL OF THEM?

**MR. ZACH:** ALL OF THEM. ALL OF THEM.

AND THAT, YOU KNOW, THE LAW IS VERY CLEAR THAT IT'S ONLY UNDER A SPECIAL SMALL CATEGORY OF CASES WHERE THERE'S NO FEDERAL CLAIM PLED THAT A COURT CAN EXERCISE FEDERAL JURISDICTION. AND THEY JUST DON'T MEET THAT BURDEN HERE.

WE WOULD SUBMIT TO THE COURT THAT THE *ALTAVION* CASE IS DIRECTLY ON POINT; THAT PALANTIR IS PROCEEDING ON APPROPRIATE TRADE SECRETS CLAIMS THAT ARE STATE LAW BASED, AND THAT OUR REMEDIES THAT WE ARE SEEKING ARE, OBVIOUSLY, FINANCIAL AND INJUNCTIVE. AND THE INJUNCTIVE RELIEF WE ARE SEEKING IS VERY STRAIGHTFORWARD; WE WANT THEM TO STOP USING AND DISCLOSING OUR TRADE SECRETS.

AND I THINK *ALTAVION* EXPLAINS THAT, YOU KNOW, IT'S COMPLETELY APPROPRIATE TO DO THAT, AND BY REQUIRING MR. ABRAMOWITZ TO NO LONGER USE AND DISCLOSE OUR TRADE SECRETS IN ANY PROCEEDING, TO THIRD PARTIES OR CONTINUING ON IN ANY PROCEEDING BETWEEN THE PATENT AND TRADEMARK OFFICE IS ENTIRELY APPROPRIATE.

**THE COURT:** ALL RIGHT. YOU DID, IN YOUR REPLY BRIEF, MENTION SOMETHING ABOUT THE APPROPRIATE VEHICLE FOR RESOLVING THE INVENTORSHIP ISSUE AS RAISED BY MR. ABRAMOWITZ IS THROUGH A DERIVATION PROCEEDING?

**MR. ZACH:** THAT'S CORRECT. THERE IS AN ONGOING DERIVATION PROCEEDING RIGHT NOW AS TO ONE OF THESE PATENTS, AND THAT IS WHERE INVENTORSHIP IS APPROPRIATELY LITIGATED.

AND WE'VE --

**THE COURT:** SO THERE'S ONE SUCH PROCEEDING THAT IS PENDING NOW.

**MR. ZACH:** RIGHT. BY "PENDING", IT IS IMPORTANT TO UNDERSTAND WHAT THESE ARE, WHICH IS, ESSENTIALLY, SHOULD A PATENT EVENTUALLY ISSUE.

**THE COURT:** NO PATENT HAS ISSUED.

**MR. ZACH:** NO, NO PATENT HAS ISSUED. SO HYPOTHETICALLY DOWN THE ROAD, IF THERE IS A PATENT THAT ISSUES, THEN WE WILL BE IN A POSITION TO CHALLENGE INVENTORSHIP.

WE ARE NOT DOING THAT HERE. WE ARE NOT SEEKING ANY SORT OF ORDER FROM A COURT SAYING THAT WE ARE THE INVENTORS. ALL WE ARE TRYING TO DO IS TO PROTECT OUR TRADE SECRETS AND TO STOP HIM FROM DISCLOSING THEM.

SO WE AGREE THAT INVENTORSHIP SHOULD BE LITIGATED IN A DIFFERENT FORUM. WE'RE JUST NOT -- THIS ISN'T THE FORUM WE ARE SEEKING TO DO THAT. THIS IS OUR TRADE SECRET.

**THE COURT:** OKAY. SO BACK UP, THOUGH.

THE PATENTS ARE PENDING, RIGHT? THEIR APPLICATIONS ARE PENDING?

**MR. ZACH:** YES, YOUR HONOR.

**THE COURT:** THERE ARE TWO PATENTS AT ISSUE.

**MR. ZACH:** WELL, THERE'S THREE CATEGORIES OF INFORMATION THAT -- OF TRADE SECRETS THAT WE ALLEGE.

**THE COURT:** THREE CATEGORIES.

**MR. ZACH:** RIGHT.

**THE COURT:** OKAY.

**MR. ZACH:** SO OUR COMPLAINT ALLEGES THAT MR. ABRAMOWITZ STOLE FROM US A VARIETY OF TRADE SECRETS AND ALSO CONFIDENTIAL INFORMATION THAT HE LEARNED WHILE HE WAS INTERACTING WITH THE COMPANY.

HE THEN USED AND DISCLOSED THOSE IN A NUMBER OF DIFFERENT WAYS, ONE OF WHICH WAS HE TOOK SOME OF THEM AND PUT IT IN A PATENT APPLICATION. SO THAT WAS ONE WAY THAT HE USED IT.

SO HE'S FILED A SERIES OF PATENT APPLICATIONS, SOME OF WHICH CONTAIN OUR TRADE SECRETS. AND WHAT THE INJUNCTIVE RELIEF WE ARE SEEKING IS, IF WE PROVE OUR CASE, THAT HE NEEDS TO STOP USING AND DISCLOSING THOSE TRADE SECRETS IN THAT PROCEEDING.

**THE COURT:** DO YOU KNOW HOW MANY OF THE PATENT APPLICATIONS THAT WERE FILED USE YOUR COMPANY'S SECRETS?

**MR. ZACH:** WE ALLEGE -- I CAN GET YOU THE EXACT NUMBER, BUT IT'S A MULTIPLE OF THEM.

**THE COURT:** SEVERAL?

**MR. ZACH:** IT'S SEVERAL.

**THE COURT:** OKAY.

ALL RIGHT. ANYTHING ELSE?

**MR. ZACH:** WE WOULD REST ON OUR PAPERS, BUT IF THE COURT HAS ADDITIONAL QUESTIONS.

I THINK THE IMPORTANT THING, JUST TO REITERATE AGAIN, WE REALLY DO THINK THAT THE *ALTAVION* CASE IS DIRECTLY ON POINT. AND IT EXPLAINS WHY THESE TRADE SECRET CASES ARE STATE LAW AND IT'S COMPLETELY APPROPRIATE FOR US TO TRY AND STOP HIM FROM USING AND DISCLOSING THEM IN ANY FORUM WHERE HE'S STEALING OUR TRADE SECRETS.

THANK YOU, YOUR HONOR.

**THE COURT:** ALL RIGHT. RESPONSE.

**MR. PITT:** THANK YOU, YOUR HONOR.

FIRST OF ALL, I'LL JUST SAY, OBVIOUSLY, IN THIS FORUM WE ARE ACCEPTING AS TRUE THE ALLEGATIONS IN THE COMPLAINT. OBVIOUSLY MY CLIENT VERY HOTLY DISPUTES THE CHARACTERIZATION OF THE PATENTS AND THE NOTION THAT THERE WERE ANY TRADE SECRETS INVOLVED.

THAT SAID, THIS IS NOT SIMPLY A CASE THAT RAISES STATE LAW CLAIMS AND THEN MERELY HAPPENS TO INVOLVE SOME PATENT APPLICATIONS AS EVIDENCE OF WHAT HE DID SUPPOSEDLY WITH THEIR TRADE SECRETS.

WHAT WE -- THE POINT THAT WE HAVE MADE IN OUR PAPERS, YOUR HONOR, IS THAT THERE ARE TWO FEATURES OF THIS CASE, EACH OF WHICH INDEPENDENTLY GIVE US THE RIGHT TO REMOVE THE CASE AND CREATE FEDERAL JURISDICTION.

I WOULD LIKE TO START WITH THE INJUNCTION BECAUSE I THINK THE WAY IT'S BEING CHARACTERIZED IS DIFFERENT FROM THE ACTUAL LANGUAGE OF THE COMPLAINT. SO THE LANGUAGE IN THE COMPLAINT

IN THEIR CLAIM FOR RELIEF IS QUITE SPECIFICALLY THAT THEY WOULD LIKE TO RESTRAIN THE DEFENDANTS FROM QUOTE "CONTINUING TO PURSUE DEFENDANT'S PATENT APPLICATION SET FORTH ABOVE." THAT IS NOT ABOUT TRADE SECRETS.

NOW, TO UNDERSTAND WHY THAT IS THE CASE, IF YOU LOOK AT THE ORIGINAL COMPLAINT THEY FILED, THEIR ORIGINAL COMPLAINT HAD ALREADY A REQUEST FOR AN INJUNCTION THAT WOULD PREVENT MR. ABRAMOWITZ FROM DISCLOSING TRADE SECRETS. THAT EXISTED IN THE ORIGINAL COMPLAINT.

THEY THEN AMENDED. THEY AMENDED THEIR COMPLAINT SEVERAL WEEKS AFTER THEY FILED -- THREE WEEKS AFTER THEY FILED THEIR ORIGINAL COMPLAINT. AND WHEN THEY AMENDED IT, THEY ADDED SPECIFIC REQUEST, A SPECIFIC REQUEST FOR AN INJUNCTION AIMED AT MR. ABRAMOWITZ'S EXERCISE OF HIS FEDERAL PATENT RIGHTS.

SO IF ALL THEIR INJUNCTION THAT THEY ARE SEEKING IS DOING IS SIMPLY ABOUT RESTRAINING THE USE OF INTELLECTUAL PROPERTY OR RATHER THE USE OF TRADE SECRETS, THERE WOULD HAVE BEEN NO REASON FOR THEM TO HAVE ADDED THAT NEW CLAIM OF RELIEF WHICH THEY DID IN THEIR AMENDED COMPLAINT.

NOW, YOUR HONOR, THE -- IN TERMS OF WHAT COULD CONCEIVABLY JUSTIFY A -- AN INJUNCTION OF THAT KIND, AND WE ARE NOT CONCEDING THAT ANYTHING COULD, BUT WHAT COULD, IT'S CERTAINLY NOT PALANTIR'S TRADE SECRET CLAIMS, THEIR ALLEGATIONS ABOUT TRADE SECRETS. THEY AVOID THE THREE KEY ALLEGATIONS IN THEIR COMPLAINT WHICH ARE PARAGRAPHS 38, 46, AND 51 OF THEIR FIRST

AMENDED COMPLAINT.

THOSE ARE THE ALLEGATIONS THAT EXPRESSLY SAY THAT MR. ABRAMOWITZ LIED IN HIS FEDERAL PATENT APPLICATIONS BY LISTING HIMSELF AS THE INVENTOR RATHER THAN PALANTIR OR SOMEBODY WORKING FOR PALANTIR. THOSE ARE THE ALLEGATIONS AND THE ONLY ALLEGATIONS THAT COULD CONCEIVABLY UNDERLIE THE SPECIFIC RELIEF THAT THEY HAVE ASKED FOR IN THE FORM OF AN INJUNCTION THAT IS TARGETED AT THE EXERCISE OF MR. ABRAMOWITZ'S FEDERAL PATENT RIGHTS.

NOW THERE IS A SECOND GROUND AND AN INDEPENDENT GROUND ON WHICH WE REMOVED THE CASE, AND THAT IS THE UNFAIR COMPETITION LAW CLAIM. AND THERE, THEY POINT TO ALL SORTS OF CASES IN WHICH THERE WAS SOME KIND OF ALTERNATE WAY, AN ALTERNATIVE WAY FOR A PLAINTIFF TO DEMONSTRATE LIABILITY UNDER THE CALIFORNIA UNFAIR COMPETITION LAW.

THE PROBLEM IS THAT HERE, THERE IS NO ALTERNATE WAY. THEY POINT TO A FEW DIFFERENT THINGS. THEY POINT TO THEIR TRADE SECRETS ALLEGATIONS. BUT IT'S VERY WELL-ESTABLISHED THAT TRADE SECRET ALLEGATIONS CANNOT UNDERLIE, THEY'RE ENTIRELY PREEMPTED BY CUTSA, CALIFORNIA UNIFORM TRADE SECRET ACT, AND CANNOT UNDERLIE AN UNFAIR COMPETITION LAW CLAIM IN CALIFORNIA.

THEY ALSO POINT TO THE ALLEGED VIOLATION OF CONFIDENTIALITY AGREEMENTS, AND THAT, TOO, THE LAW IS VERY CLEAR IN CALIFORNIA, CANNOT POSSIBLY UNDERLIE A UCL CLAIM.

SO THE ONLY THEORY -- AND WE ARE TALKING SPECIFICALLY

ABOUT THE UCL CLAIM NOW -- THE ONLY THEORY THAT COULD CONCEIVABLY UNDERLIE THEIR UCL CLAIM IS THE THEORY THAT MR. ABRAMOWITZ LIED ON HIS PATENT APPLICATIONS BY LISTING HIMSELF AS THE INVENTOR.

SO THOSE ARE THE TWO GROUNDS ON WHICH WE SOUGHT TO REMOVE THE CASE. AND I THINK THAT THE NOTION THAT THE INJUNCTION IS SIMPLY GENERALLY AIMED AT TRADE SECRETS CANNOT BE SQUARED WITH HOW THEY PLED IT IN THE COMPLAINT OR WITH THE SECRETS OF WHAT THEY HAVE DONE IN THEIR COMPLAINTS.

AND I THINK THAT A STATE COURT WOULD, IN NO WAY, HAVE JURISDICTION, WOULDN'T HAVE THE AUTHORITY TO ISSUE THEM THE RELIEF THAT THEY ARE SEEKING WHICH, AGAIN, IS AIMED AT PREVENTING MR. ABRAMOWITZ FROM CONTINUING TO PURSUE THE PATENT APPLICATIONS THAT HE HAS ALREADY SUBMITTED. IT DOESN'T JUST SOMEHOW PERTAIN TO FUTURE ALLEGED DISCLOSURES OF TRADE SECRETS.

THEY MENTIONED, YOUR HONOR, THE DERIVATION PROCEEDINGS OR YOU RAISED THE DERIVATION PROCEEDINGS. IF THEY WERE TO GET THE RELIEF THAT THEY SEEK FROM A STATE COURT, MR. ABRAMOWITZ WOULDN'T BE ALLOWED TO DEFEND THE DERIVATION PROCEEDINGS. WOULDN'T BE ALLOWED TO DO ANYTHING IN CONNECTION WITH PURSUING HIS PATENT APPLICATIONS.

SO I THINK IT'S QUITE CLEAR THAT THEY ARE NOT REALLY SIMPLY ASKING FOR RELIEF THAT WOULD RESTRAIN THE DISCLOSURE OF TRADE SECRETS.

ON THE *ALTAVION* CASE, YOUR HONOR, JUST A COUPLE OF POINTS. FIRST, THAT IS ONE OF THE CASES IN WHICH THE PLAINTIFF'S FRAUD CLAIM RELIED ON A THEORY THAT THE DEFENDANT MADE FALSE REPRESENTATIONS TO THE PLAINTIFF. THAT IS THE GROUND ON WHICH REMAND WAS GRANTED.

IN THIS CASE, THERE IS NO SUCH ALLEGATION. THEY ALLEGE THAT HE VIOLATED HIS CONFIDENTIALITY AGREEMENTS. THEY DO NOT ALLEGE THAT HE MADE FRAUDULENT MISREPRESENTATIONS TO THEM, I.E., THAT HE ENTERED THE AGREEMENT, FOR EXAMPLE, NEVER INTENDING TO FULFILL IT OR THAT HE ARRANGED MEETINGS AND MADE SPECIFIC REPRESENTATIONS TO THEM THAT WERE FALSE IN LIGHT OF WHAT HE ACTUALLY PLANNED TO DO. SO THEY HAVEN'T MADE THOSE CLAIMS.

AND AS FAR AS THE UCL CLAIM GOES, YOUR HONOR, ANYTHING THAT THEY ALLEGE IN THAT REGARD WOULD BE SUBJECT TO RULE 9, WOULD HAVE TO BE PLED WITH PARTICULARITY, AND THERE SIMPLY ISN'T ANY OTHER THEORY THAT THEY HAVE PLED WITH PARTICULARITY OTHER THAN THE VERY SPECIFIC REPRESENTATIONS THAT THEY SAY HE MADE ON HIS PATENT APPLICATIONS AND THAT THEY SAY ARE FALSE.

**THE COURT:** DO EITHER OF YOU THINK THAT THE FACT THAT THE PATENTS HAVEN'T ISSUED AND THAT THE APPLICATIONS ARE MERELY PENDING IS AN ISSUE HERE?

WHAT JURISDICTION DOES THE FEDERAL COURT HAVE OVER -- HOLD ON -- AN INVENTORSHIP CLAIM OSTENSIBLE OR REAL WHEN THE PATENTS HAVE NOT YET ISSUED?

**MR. ZACH:** I'M HAPPY TO TAKE THAT FIRST, YOUR HONOR.

WE DO. WE THINK IT IS A HYPOTHETICAL QUESTION FOR THEM DOWN THE ROAD. AND, AGAIN, I WANT TO BE REALLY CLEAR BECAUSE I THINK IT FOLDS INTO WHAT MR. ABRAMOWITZ'S LAWYER WAS JUST SAYING; THAT WE ARE NOT HERE ASKING THE COURT TO RULE ON INVENTORSHIP. WE ARE JUST SEEKING RELIEF, EQUITABLE RELIEF FROM A COURT TO STOP HIM USING THE TRADE SECRETS IF WE PROVE THAT.

THEY ARE POSITING THIS HYPOTHETICAL WORLD IN WHICH THAT MAY SOMEHOW AFFECT THIS RIGHT. WE THINK THAT'S COMPLETELY INCORRECT. AND WE ARE WILLING TO LITIGATE THE INVENTORSHIP ISSUE BEFORE THE PATENT AND TRADEMARK OFFICE. BUT FOR THE TRADE -- OUR VALID TRADE SECRET CLAIM, WE ARE ASKING FOR THE STANDARD RELIEF, MONETARY, AND THE STANDARD TYPE OF INJUNCTIVE RELIEF PREVENTING HIM FROM USING AND DISCLOSING IT. SO WE DO THINK IT IS AN ISSUE, YOUR HONOR.

**THE COURT:** WHAT'S YOUR RESPONSE TO HIS ARGUMENT, THOUGH, ABOUT THE WORDING OF YOUR REQUEST FOR INJUNCTIVE RELIEF?

**MR. ZACH:** YOUR HONOR, I THINK HE'S TRYING TO READ TOO MUCH INTO IT. WE ARE NOT ASKING FOR, AGAIN, A DECISION ON INVENTORSHIP.

THE RELIEF -- I WILL BE AS CLEAR AS I CAN BE. THE RELIEF WE ARE ASKING FOR IS TO STOP HIM FROM USING AND DISCLOSING OUR TRADE SECRETS AFTER WE HAVE PROVEN THAT. AND HE TAKES IT OUT

OF CONTEXT -- THERE'S A VARIETY OF DIFFERENT TYPES OF RELIEF LISTED HERE, AND THAT'S AN EXAMPLE OF ONE PLACE WHERE HE'S USING AND DISCLOSING IT IN THESE APPLICATIONS.

AGAIN, THIS TIES INTO HIS ARGUMENT POINTING TO PARTS OF THE COMPLAINT WHERE WE --

**THE COURT:** BUT WHEN YOU READ PARAGRAPH 2 LITERALLY IT DOES SAY YOU ARE ASKING FOR AN INJUNCTION AGAINST THE DEFENDANT FROM CONTINUING TO PURSUE HIS PATENT APPLICATION.

**MR. ZACH:** WE ARE -- WE ARE -- I THINK THAT READING TAKES IT OUT OF CONTEXT. THAT'S NOT WHAT WE ARE ASKING FOR.

WHAT WE ARE ASKING FOR IS TO STOP HIM FROM USING AND DISCLOSING HIS -- OUR TRADE SECRETS. AND THAT IS A CONTEXT. THAT'S WHY I THINK *ALTAVION* IS SUCH A HELPFUL CASE BECAUSE IT POINTS OUT THAT YOU CAN USE AND DISCLOSE TRADE SECRETS IN A VARIETY OF DIFFERENT CONTEXTS, INCLUDING PATENT APPLICATIONS, OR AS IT POINTS OUT, SOME FILING WITH THE SEC, OR WHEREVER, AND THAT DOESN'T TRANSFORM IT INTO A FEDERAL CLAIM.

**THE COURT:** LET ME ASK IT A DIFFERENT WAY.

WHEN YOU LOOK AT PARAGRAPH 2 SUBSECTION B OF YOUR COMPLAINT, DOES THIS COURT HAVE JURISDICTION TO PREVENT THE DEFENDANT FROM PURSUING HIS PATENT APPLICATION?

**MR. ZACH:** THE COURT HAS -- WELL, THIS COURT OR A STATE COURT WOULD HAVE THE POWER TO PREVENT HIM FROM USING OUR TRADE SECRETS.

**THE COURT:** SURE.

**MR. ZACH:** IT'S REFERRING TO THE ALLEGATIONS THAT CAME BEFORE, RIGHT? WHEN IT SAYS "SET FORTH ABOVE", WE ARE TALKING ABOUT THE WAYS HE'S IMPROPERLY USING AND DISCLOSING, WHICH IS -- ONE EXAMPLE OF WHICH IS FILING THESE PATENT APPLICATIONS. AND THAT'S WHAT WE ARE ASKING THE COURT, THIS COURT OR THE STATE COURT TO STOP.

**THE COURT:** OKAY. ALL RIGHT.

ANYTHING ELSE?

**MR. PITT:** YES, YOUR HONOR. JUST A COUPLE OF QUICK RESPONSES TO THAT POINT.

THE ANSWER IS, THE FACT THAT THE PATENTS ARE PENDING DOES NOT MAKE THIS CASE NOT REMOVABLE. I THINK THAT WAS FAIRLY CLEARLY HELD BY THE *HIF BIO* CASE THAT WE CITED IN OUR PAPERS, A FEDERAL CIRCUIT CASE, IN WHICH WHAT THE COURT THERE SAYS IS, IT MAY BE THAT A COURT DOESN'T HAVE AUTHORITY TO ISSUE A DECLARATION OR ANY FORM OF RELIEF AS -- THAT INVOLVES AN INVENTORSHIP DETERMINATION AS TO A PENDING PATENT, BUT IF THAT'S THE CASE, THEN THE PROPER SEQUENCE OF EVENTS IS THE CASE CANNOT SIMPLY BE REMANDED; THAT IS, IF THAT CLAIM IS DISMISSIBLE, IT NEEDS TO BE DISMISSED BY A FEDERAL COURT ON THAT BASIS.

SO I DON'T THINK IT AFFECTS THE REMOVAL ANALYSIS IN THE WAY THAT THEY ARE SUGGESTING.

**THE COURT:** THAT CLAIM IS DISMISSIBLE, WHICH CLAIM ARE YOU REFERRING TO?

**MR. PITT:** WELL, THEIR CLAIM FOR RELIEF AND ALSO THEIR CLAIM UNDER THE UCL. AND SO CERTAINLY -- AND, AGAIN, THAT'S WHAT *HIF BIO* SAYS.

**THE COURT:** THEIR CLAIM FOR RELIEF IS NOT INDEPENDENTLY DISMISSIBLE. THEY GET RELIEF IF THEY PREVAIL ON THEIR SUBSTANTIVE CLAIMS.

THEIR SUBSTANTIVE CLAIMS ARE CALIFORNIA CLAIMS, AND IT SEEMS TO ME THAT THE ONLY CALIFORNIA CLAIM THAT YOU ARE NOW INSISTING CAN BE CONSTRUED AS A -- GIVING RISE TO A SUBSTANTIAL FEDERAL QUESTION IS THE UCL CLAIM; IS THAT RIGHT?

**MR. PITT:** IT'S NOT RIGHT, YOUR HONOR.

WHAT I WOULD POINT YOU TO, YOUR HONOR, IS THE *AIR PRODUCTS* CASE IN WHICH THE COURT CONSIDERS THE KIND OF RELIEF SOUGHT AS A BASIS FOR WHETHER OR NOT THE CLAIM IS APPROPRIATELY HEARD BY A FEDERAL COURT. THAT'S WHAT THE FEDERAL CIRCUIT DID IN THAT CASE, AND WE WOULD ARGUE, YOUR HONOR, THAT THEIR REQUEST FOR AN INJUNCTION, WHETHER IT'S RELATED TO THE UCL CLAIM OR NOT, PROVIDES A SEPARATE BASIS FOR REMOVAL AND PROVIDED THAT BASIS.

BUT I WANT TO JUST RESPOND, IF I COULD, UNLESS YOU HAVE FURTHER QUESTIONS ON THAT.

**THE COURT:** I'M STILL NOT CLEAR. I MEAN THERE ARE FIVE CALIFORNIA CLAIMS, RIGHT?

**MR. PITT:** YES.

**THE COURT:** ALL RIGHT. AND ARE YOU TAKING THE POSITION THAT ANY OF THOSE CALIFORNIA CLAIMS NECESSARILY GIVES

RISE TO A SUBSTANTIAL FEDERAL QUESTION OR JUST THE RELIEF SOUGHT GIVES RISE TO A SUBSTANTIAL FEDERAL QUESTION?

AND HOW DOES THAT FIT WITHIN THE *NEUROREPAIR* THREE-FACTOR ANALYSIS AS TO HOW WE ARE TO DETERMINE WHETHER THIS IS A SUBSTANTIAL FEDERAL QUESTION INVOLVING PATENT LAW?

**MR. PITT:** OKAY. SO THE ANSWER IS BOTH. THERE IS THE SPECIFIC UCL CLAIM, YOUR HONOR, WHICH WE HAVE ARGUED IN OUR PAPERS AND WHICH, AS I'VE SAID TODAY, ABSOLUTELY DEPENDS ON THE DETERMINATION OF INVENTORSHIP; THAT THEY DON'T HAVE ANOTHER PATH TO LIABILITY ON THAT CAUSE OF ACTION.

AGAIN, THAT IS THE CAUSE OF ACTION WHERE THEY HAVE CLAIMED THAT THEY COULD ESTABLISH LIABILITY EITHER BY SHOWING A BREACH OF CONTRACT, WHICH IS NOT ALLOWED UNDER CALIFORNIA LAW, OR BY SHOWING THE DISCLOSURE OF TRADE SECRETS, WHICH, AGAIN, IS NOT ALLOWED UNDER CALIFORNIA LAW.

THE -- IN TERMS OF *NEUROREPAIR*, I GUESS I WOULD SAY A COUPLE OF THINGS ABOUT THAT CASE. THE FIRST, YOUR HONOR, IS -- AND THIS TIES INTO THE QUESTION ABOUT HYPOTHETICAL. THE REASON THAT THE *GUNN* COURT IN THE SUPREME COURT SAID THAT THE DISPUTE THERE WAS HYPOTHETICAL WAS BECAUSE IT WAS A LEGAL MALPRACTICE CASE. SO ANY RESOLUTION OF AN INVENTORSHIP IN THAT CASE WITHIN A CASE WOULD NECESSARILY BE BACKWARD LOOKING, IT WOULD HAVE NO FORWARD-LOOKING EFFECT.

THE *NEUROREPAIR* CASE SAYS THE SAME THING AND IS ALSO A LEGAL MALPRACTICE CASE, A COMPLETELY DIFFERENT SITUATION THAN

WE HAVE HERE. SO, AGAIN, IN TERMS OF THE FACTORS, IF THEY DID APPLY, THEN ABSOLUTELY THE PURE ISSUE OF INVENTORSHIP IS DISPOSITIVE OF THE UCL CLAIM, WE WOULD ARGUE, AND ABSOLUTELY THE COURT'S RESOLUTION OF INVENTORSHIP WILL AFFECT OTHER CASES.

**THE COURT:** HOW IS THE RESOLUTION OF INVENTORSHIP PROPERLY BEFORE THIS COURT?

**MR. PITT:** WELL, IT'S PROPERLY BEFORE THIS COURT, YOUR HONOR, BECAUSE IN *CHRISTIANSON VERSUS COLT* WHAT THE SUPREME COURT DIRECTS US TO DO IS WHERE THERE IS A STATE LAW CLAIM THAT RAISES FEDERAL ISSUES AND THAT DEPENDS ON THE RESOLUTION OF THOSE FEDERAL ISSUES, OR SO ARGUES THE REMOVING PARTY, WE NEED TO LOOK AT WHETHER OR NOT THERE IS ANY THEORY UNDER WHICH THE PLAINTIFF CAN PREVAIL ON THAT CLAIM WITHOUT GOING THROUGH THE PATENT ISSUE, IN THIS CASE INVENTORSHIP.

AND HERE, THERE IS NO PATH TO LIABILITY OTHER THAN BY THEM PROVING THAT MY CLIENT WAS SUPPOSEDLY NOT THE INVENTOR OF THE TECHNOLOGIES AND THAT HE LIED ON HIS APPLICATIONS BEFORE THE PTO. ALL OF THE OTHER THINGS THAT THEY POINT TO IN THEIR PAPER ARE NOT ACTUALLY EITHER -- IN SOME CASES THEY AREN'T ACTUALLY PLED IN THE COMPLAINT --

**THE COURT:** DO THEY REALLY HAVE TO PROVE THAT HE WAS NOT THE INVENTOR AND THAT HE LIED? ISN'T THEIR CLAIM THAT HE MISAPPROPRIATED THEIR SECRETS AND USED THEM IN THE PATENT APPLICATION?

**MR. PITT:** THAT'S THEIR TRADE SECRETS CLAIM. BUT UNDER CALIFORNIA LAW THAT CANNOT UNDERLIE A UCL CLAIM. THERE'S COMPLETE PREEMPTION NOT ONLY FOR TRADE SECRETS, BY THE WAY, BUT FOR CONFIDENTIAL PROPRIETY INFORMATION AS WELL. CUTSA PREEMPTION IS VERY BROAD.

SO, NO, I DISAGREE WITH THAT. THEY CANNOT ESTABLISH UCL LIABILITY USING TRADE SECRETS. THAT'S NOT PERMITTED UNDER CALIFORNIA LAW.

**THE COURT:** OKAY. ALL RIGHT. ANYTHING ELSE?

**MR. PITT:** IF YOUR HONOR HAS NO FURTHER QUESTIONS, I THINK THAT'S IT.

**THE COURT:** YOU GET THE LAST WORD.

**MR. ZACH:** YOUR HONOR, I THINK I WOULD LIKE TO BRIEFLY TOUCH ON TWO THINGS VERY QUICKLY.

THE CASES THEY KEEP TURNING TO, *HIF BIO* AND THOSE OTHER CASES ABOUT WHETHER OR NOT THIS NECESSARILY RAISES INVENTORSHIP, ALL THOSE CASES HAVE THE PLAINTIFF SEEKING, ESSENTIALLY, A DECLARATORY JUDGMENT, WHICH WE ARE NOT DOING HERE, SAYING I'M THE INVENTOR. WE ARE NOT DOING THAT SO THOSE CASES ARE INAPPOSITE.

ON THE UCL CLAIM, I JUST WANT TO MAKE TWO VERY QUICK POINTS. ONE, WE DO ALLEGE THAT THERE WAS FRAUD ON THE COMPANY ITSELF. OUR COMPLAINT AT PARAGRAPH 54 HAS A VERY SPECIFIC ALLEGATION ABOUT A LIE THAT WAS TOLD TO A PALANTIR EMPLOYEE. AT THAT TIME, MR. ABRAMOWITZ CLAIMED THAT HE FILED THE PATENT

APPLICATION FOR PALANTIR'S BENEFIT. THAT STATEMENT WAS FALSE SAYING THAT IT WAS FOR OUR BENEFIT, AND IT WAS MEANT TO MISLEAD THE COMPANY.

SO THERE IS, AS IN THE CASES THAT MY COLLEAGUE WAS JUST CITING, A SEPARATE FRAUDULENT BASIS ON WHICH, BY THE WAY, DOES LINE UP WITH I THINK THE CLEAR LAW THAT A BREACH OF CONTRACT CAN FORM THE BASIS FOR A CLAIM UNDER THE UCL IF THE BREACH ALSO CONSTITUTES CONDUCT THAT IS UNLAWFUL, UNFAIR, AND FRAUDULENT.

AND I THINK EVEN STEPPING BACK A LITTLE BIT MORE, THE LAST POINT I WOULD LIKE TO MAKE IS, HE IS ESSENTIALLY ARGUING THAT A COURT SHOULD DISMISS THE UCL CLAIM BECAUSE IT IS PREEMPTED BY TRADE SECRETS. THIS ISN'T THE PROPER TIME TO DO THAT.

I THINK IF YOU PLAY THAT OUT, IT'S ACTUALLY COUNSEL'S IN FAVOR OF REMAND, AND HERE'S WHY. IF WE GO BACK TO THE STATE COURT AND THE COURT DECIDES THAT THIS IS PREEMPTED, THEY'LL DISMISS THAT UCL CLAIM. THAT'S WHAT HE'S PREMISING HIS REMOVAL ON.

SO IF IT IS PREEMPTED, IT'S GOING TO GET DISMISSED AT THE STATE COURT. I DON'T THINK IT IS GOING TO BE, BUT I'M JUST SAYING HIS ARGUMENT IS A LITTLE CONVOLUTED THAT WAY.

SO HIS WHOLE BASIS FOR REMOVAL WILL BE GONE IF IT IS, IN FACT, PREEMPTED. SO I THINK COUNSEL IS IN FAVOR OF REMAND.

THANK YOU FOR YOUR TIME, YOUR HONOR. REALLY APPRECIATE IT.

**THE COURT:** THANK YOU.

**MR. PITT:** THANK YOU, YOUR HONOR.

**THE COURT:** MATTER IS SUBMITTED.

(PROCEEDINGS CONCLUDED AT 9:23 A.M.)

**CERTIFICATE OF REPORTER**

I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.



DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

WEDNESDAY, FEBRUARY 22, 2017